STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-36

DANNIE E. WILLIAMS
and LINDA R. WILLIAMS,

Petitioners

v.

STATE TAX ASSESSOR,

Respondent

**DECISION ON APPEAL**

DONALD L.
LAW LIBRARY

JAN 29 2004

This matter comes before the court on the petition of Dannie and Linda Williams pursuant to 36 M.R.S.A. § 151, 5 M.R.S.A. § 11002 and M.R. Civ. P. 80C, for review and *de novo* determination of a decision of tax liability by the respondent State Tax Assessor. The original petition sought review of tax liability for both of the petitioners during tax years 1994 through 1999 inclusive. However, by the time of hearing on this matter, the parties had reached an agreement that simplifies the hearing. That agreement is that the parties have resolved all claims concerning both Linda and Dannie Williams except for the claim against Mr. Williams for the tax years 1997, 1998 and 1999. Although this is technically an appeal, the statute requires that the court provide a *de novo* review of the evidence. The sole issue is whether the petitioner was domiciled in Florida during the relevant period -- as he claims -- or whether he was domiciled in Maine -- as found by the Tax Assessor. The parties and the court agree that the burden of proof is on the petitioner to prove that he was not domiciled in Maine.

### Findings

Dannie Williams is a Mainer, born and raised. After his birth in Rumford, he spent his early years in Eustis and later graduated from high school in Greenville.

Williams graduated from the Maine Maritime Academy in 1971. All of his family, including his wife, are Maine residents.

Shortly after graduation from the Maritime Academy in 1971, Williams began employment with a maritime shipping company as an engineer on board ship. Over the years he has improved his position to where he is now the chief engineer on vessels to which he is assigned. During the tax years in question, Williams spent an average of 220 to 230 days per year on board one of these vessels taking cargo around the gulf coast as far west as Texas and around the west and east coasts of Florida.

When he began his employment in 1971, Williams was living in Greenville, Maine. In 1973, he purchased a cabin in Beaver Cove where he lived when he was in Maine except for the winter months when he would stay with his parents. In 1976, he purchased a four-acre house lot and began building a garage and then house using a lot of his own labor. The house is a substantial log home with three or four bedrooms, three full baths, a great room, and a three-car garage. It also has room for his wife to have her home office. Construction of the log home was finished in 1986. The Maine properties cost approximately $80,000 (plus substantial sweat equity from Williams' own labor), but today have a market value of between $350,000 to $400,000.

In 1987, Williams purchased a condominium in Jupiter, Florida, for $60,000. It is unclear where Williams spent his time between voyages in the years prior to 1987, but since that time he has split his physical presence between Maine and Florida during the time he is not on board ship. Williams testified that during the years in question he spent approximately seven months at sea, three and a half months in Maine and one and a half months in Florida. The Florida time was primarily during the winter.

Other factors pointing to domicile in Florida include Williams' Florida driver's license, voting registration and banking. He has also had some medical treatment in

Florida. Petitioner also performed jury service in Florida during 1997. On the other hand, additional factors which point to continued domicile in Maine include continued use of professional services here (medical, dental, legal and accounting), continued registration of vehicles and boats in the state, continued bank accounts in Maine, and at least one legal document acknowledging his residence within the state.

## Discussion

Case law from our Law Court dealing with the issue of domicile, particularly for purposes of tax liability, is sparse. Time and again the trial courts cite to *Margani v. Sanders*, 453 A.2d 501 (Me. 1982). Although it was not a tax case -- it was a paternity contest -- *Margani* includes some helpful direction in this area. First, it is noted that the concept of "domicile" has two components; first, establishment of a residence, in other words actual living, sleeping, eating, etc. at the location – and; two, the intent to remain at that residence permanently. It is possible to have more than one residence, but one can have only one domicile. The other concept is stated ". . . [T]he presumption which favors a person's original domicile as his legal domicile when there is conflicting evidence of intent." *Moss v. National Life & Accident Ins. Co.*, 385 F.Supp. 1291, 1298 (W.D. Mo. 1974). What the evidence shows is that the petitioner is a long-time and deeply-rooted domiciliary of Maine who happens to work outside of the state. Petitioner has established certain contacts with Florida by purchasing a condominium, obtaining a driver's license and voting card, serving on a jury and having some medical attention. On the other hand, these attempts to prove domicile in Florida pale in comparison with the significant remaining ties with Maine and the fact that the petitioner spent more than twice the amount of his shore time in Maine as he did in Florida. In the court's view, the petitioner purchased the condominium in Florida as a convenience in his working life and for winter vacations sufficient to establish the

condo as a second residence. However, Williams' efforts to show his intent to maintain Florida as his domicile are not sufficient to overcome the presumption that his prior domicile in Maine has continued. Nor are they sufficient to satisfy his burden of proof with regard to domicile.

For the reasons stated above, the court finds that for the tax years 1997, 1998 and 1999, petitioner Dannie Williams' domicile was located in Maine, thereby qualifying him for Maine income tax liability. The entry will be:

Petitioner was a domiciliary of Maine for the tax years in question and is liable for Maine income tax. The appeal is DENIED.

Dated: January 8, 2004

S. Kirk Studstrup
Justice, Superior Court

Date Filed ___5/11/01___ ___Kennebec___ Docket No. ___AP01-36___
County

Action ___Petition for Review___
80C

# J. STUDSTRUP

Dannie W. & Linda R. Williams ___ vs. ___ State Tax Assessor

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Curtis E. Kimball, Esq. 84 Harlow Street P.O. Box 1401 Bangor, Maine 04402-1401 | Stanley Piecuch AAG State House Sta. 6 Augusta Maine 04333 |

| Date of Entry | |
|---|---|
| 5/14/01 | Petition for Review and De Novo Determination, filed. s/Kimball, Esq. s/Pellegrini, Esq. (filed 5/11/01) |
| 6/8/01 | Original Summons with return service made upon State Tax Assessor, filed. |
| 6/18/01 | Letter from Stanley Piecuch, AAG. entering appearance for the State. |
| 7/13/01 | Joint Motion for Order Specifying Future Course of Proceedings with Memornaudm of Law, filed. s/Piecuch, AAG Proposed Order Specifying Future Course of Proceedings, filed. |
| 7/19/01 | ORDER SPECIFYING FUTURE COURSE OF PROCEEDINGS, filed. s/Studstrup, J. dated 7/16/01. Copies issued to counsel of record. |
| 9/10/01 | Notification of Discovery Service of Assessor's First Set of Interrogatoire and First Request for Production of Documents served on Curtis Kimball, Esq. on 9/7/01, filed. s/S. Piecuch, AAG. |
| 12/13/01 | Notification Discovery Service, filed. s/Kimball, Esq. First Set of Interrogatories Propounded by Petitioners Dannie E. Williams and Linda R. Williams to Respondent State Tax Assessor; and First Request for Production of Documents Propounded by Petitioners Dannie E. Williams and Linda R. Williams to Respondent State Tax Assessor served on Stanley W. Piecuch, AAG on 12/11/01. |
| 2/21/02 | Notification of Discovery Service of Assessor's Response to Petitioners' First Set of Interrogatories served on Curtis Kimball, Esq. served 2/20/02, filed. s/S. Piecuch, AAG |
| 2/27/02 | Assessor's Unopposed Motion for Enlargement of Time and Proposed Order, filed. s/S. Piecuch, AAG |
| 3/4/02 | ORDER, Studstrup, J. (dated 3/1/02) (discovery enlarged to April 30, 2002) Copies mailed to attys of record. |
| 3/8/02 | Notification of Discovery Service, filed. s/Piecuch, AAG Assessor's Second Request for Production of Documents Directed to Petitioner served on Curtis E. Kimball, Esq. on 3/7/02. |